**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BUTTONWOOD TREE VALUE PARTNERS, L.P.; JOHN SORRELLS, on behalf of themselves and all others similarly situated, | No. 14-56267 |
| | D.C. No. 8:10-cv-00537-CJC-MLG |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM[*] |
| JACK A. SWEENEY; STEVEN J. SWEENEY; MARILYN J. SWEENEY; GARY M. HORGAN; H. ANTHONY GARTSHORE; ELIZABETH THOMPSON; FRED M. EDWARDS; THOMAS E. MCCULLOGH; RICHARD SCHRIEBER; LAWRENCE J. SHERMAN, | |
| Defendants, | |
| and | |
| DELOITTE & TOUCHE LLP, | |
| Defendant - Appellee. | |

Appeal from the United States District Court

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted June 8, 2016
Pasadena, California

Before: KOZINSKI, GOULD, and HURWITZ, Circuit Judges.

Plaintiffs appeal the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of their third amended class action complaint against Deloitte & Touche ("Deloitte") under Section 10(b) of the Securities Exchange Act of 1934. We affirm.

In pleading securities fraud against an outside auditor, a plaintiff must allege that the auditor acted with scienter. *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (2008). This requires a plaintiff to allege that the "accounting practices were so deficient that the audit amounted to no audit at all, or an egregious refusal to see the obvious . . . ." *In re Software Toolworks Inc.*, 50 F.3d 615, 628 (9th Cir. 1994). Also, the Private Securities Litigation Reform Act requires the court to engage in a "comparative evaluation" and consider "competing inferences rationally drawn from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). Doing so, we conclude that the inference that Deloitte's audits showed deliberate recklessness or conscious misconduct is not as "compelling as any opposing inference of

nonfraudulent intent." *Id.* The district court did not err by dismissing for failure to plead scienter. Because the scienter issue is dispositive, we do not reach parties' arguments about subjective falsity.

**AFFIRMED.**